[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
The plaintiff and the defendant have filed cross motions addressed to the legal significance in the context of this lawsuit of a document signed by the plaintiff Peter McLean entitled Covenant and Agreement and dated June 25, 1993. The parties here agree on the authenticity of the document and on the absence of any material issue of fact related to a resolution of the issue. CT Page 6627-G
The defendant claims the document operates as a general release as to Richard McLean, a defendant in this lawsuit, and thus bars claims against defendant Hertz Rental Co. whose exposure in this case derives entirely from the potential liability of the defendant Richard McLean to pay damages in this lawsuit.
The plaintiff claims that Richard McLean has not been released, that he continues to be a proper defendant along with Hertz in this lawsuit, and that both the plain meaning and the intent of the releasor are evident from the language of the document and the undisputed facts surrounding its execution.
The plaintiff appends the release signed by Richard McLean to his own insurer Farmers Insurance Group and the subsequent withdrawal of counsel for the individual defendant in further support of their view of the limited scope of the release contained in the Covenant and Agreement.
The court is satisfied from the plain language of the document that it does not operate as a general release of Richard McLean or CT Page 6627-H of any other claims belonging to Peter McLean.
While it may be that the first independent clause read in isolation appears ambiguous as to the releasee or the nature of the released interest, the second paragraph is specific and particular in its definition of who and what are released.
The document must be read as a whole and, so read, is unambiguous as to its meaning. Even were it "ambiguous" (in the words of our Chief Justice), "the consideration of extrinsic evidence of the parties' intent regarding the scope of the release is appropriate because such consideration will best further the purpose of 52-572e" regarding release of joint tortfeasors and by logical implication their insurers. Sims v. Honda Motor Co.,225 Conn. 401, 405-06 (1993). It is conceded by the defendant that it was the intent of the parties to the Covenant and Agreement "to leave open the liability of the defendant Hertz Rental Company," defendant's Motion in Limine, p. 1., dated July 19, 1993, so that no extrinsic evidence of the parties' intent is necessary.
So much of the liability of the defendant Richard McLean as CT Page 6627-I may have been paid by or set off against the payment of his insurer Farmers Insurance Group, out of the insurance coverage provided to him by the State Farm Insurance Co. was released, and no more.
The purpose of settling some claims and leaving open others accords with the public policy of fostering settlement when it is feasible to do so and preserving judicial resources for claims that cannot be settled.
The plaintiff's Motion for Summary Judgment on the Second Special Defense is granted and the defendant's Motion in Limine is denied.
Pittman, J.